UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADRIAN ORTIZ,

                  Plaintiff,

-v-

BEST BUY STORES, LP,

                  Defendant.

22-CV-4279 (JPO)

ORDER

---

J. PAUL OETKEN, District Judge:

      Plaintiff Adrian Ortiz brings this action against Defendant Best Buy to recover damages for injuries Ortiz suffered as a result of a trip and fall that occurred on Best Buy's premises. This case was removed from New York Supreme Court, New York County, on May 25, 2022. (ECF No. 1.) Discovery is ongoing, and the deadline for expert discovery is March 1, 2024. (ECF No. 29.) Presently before the Court is Best Buy's motion pursuant to Fed R. Civ. P. 37(a)(1) to compel Ortiz to appear for a second medical examination with a new doctor and to pay expenses associated with this second medical examination. (ECF No. 30.)

      On October 3, 2023, Plaintiff attended a scheduled medical examination with Best Buy's expert, Dr. Alexandra Carrer, an orthopedic surgeon retained to comment on Ortiz's injuries. (*Id.* at 3.) According to Best Buy, Dr. Carrer reported that Ortiz refused to cooperate with her examination, that Ortiz was aggressive toward her, and that Ortiz verbally threatened her with physical harm. (*Id.* at 4.) Dr. Carrer was unable to make any determinations regarding Ortiz's injuries. (*Id.*) Moreover, Dr. Carrer has advised defense counsel that she refuses to testify at trial in this case. (*Id.*) Dr. Carrer has also refused to provide a declaration or affidavit in support of Best Buy's present motion. (*Id.*)

Ortiz represents a different account of the events that transpired. According to Ortiz, he cooperated with Dr. Carrer's examination to the best of his physical ability, did not refuse any of her instructions, and did not threaten her safety. (ECF No. 31-4 at 3.) Moreover, according to Ortiz, Dr. Carrer acted inappropriately toward him. Ortiz represents that when he told Dr. Carrer that he was unable to complete certain movements as a result of a surgery he had undergone, Dr. Carrer said that she had received over twenty surgeries and proceeded to show him a scar on her knee. (*Id.* at 2.) Ortiz then apologized to Dr. Carrer and told her that "everyone handles pain differently." (*Id.* at 3.) At that point, Dr. Carrer dismissed Ortiz and said "you can leave, this exam is over." (*Id.*) Ortiz was accompanied to the medical examination by Brandon Torres of Client Liaison Services, who has also submitted an affidavit in support of Ortiz. (ECF No. 31-5.)

"Pursuant to CPLR 3121, following the commencement of an action, if a plaintiff's physical condition is in controversy, the defendant may require the plaintiff to submit to a physical examination. Further, it is within the trial court's discretion to require a plaintiff to submit to more than one physical examination. However, the party seeking the examination must demonstrate the necessity for it." *Orsos v. Hudson Transit Corp.*, 944 N.Y.S.2d 514, 515 (App. Div. 1st Dep't 2012) (citing *Chaudhary v. Gold*, 921 N.Y.S.2d 219, 221 (App. Div. 1st Dep't 2011)). "There is no restriction in CPLR 3121 limiting the number of examinations to which a party may be subjected, and a subsequent examination is permissible where the party seeking the examination demonstrates the necessity for it." *Young v. Kalow*, 625 N.Y.S.2d 231, 232 (App. Div. 2d Dep't 1995). "[A] second examination by a different physician is permissible to ensure that the focus of the medical testimony will be on the nature and extent of plaintiff's alleged injuries, rather than on any taint or irregularity in the first examination." *Orsos*, 944 N.Y.S.2d at 515.

The Court concludes that a second orthopedic medical examination of Ortiz is warranted. First, Dr. Carrer was unable to complete the initial examination and unable to reach any conclusions regarding Ortiz's injuries. Second, considering the parties' vastly different accounts of what transpired during the first medical examination, and the polarizing nature of the allegations on both sides, a "second examination by a different physician is permissible to ensure that the focus of the medical testimony will be on the nature and extent of plaintiff's alleged injuries, rather than on any taint or irregularity in the first examination." *Id.* Finally, because Dr. Carrer will not testify at trial, Best Buy would be left without a doctor who will appear on its behalf at trial to testify as to Ortiz's injuries. For these reasons, the Court grants Best Buy's motion to compel Ortiz to appear for a second medical examination.

However, the Court denies Best Buy's request that the Court order Ortiz to pay the costs associated with the second examination because on the record currently before it, the Court cannot credit Dr. Carrer's account of the events that transpired during the first examination. Dr. Carrer has declined to submit an affidavit attesting to her account. Ortiz has submitted an affidavit attesting to his account, and Torres has submitted an affidavit in support of Ortiz's account. The Court cannot reach the conclusion with sufficient certainty that Ortiz is to fault for the interruption of the first examination. The Court therefore declines to order Ortiz to pay the costs of the second medical examination.

For the foregoing reasons, Best Buy's motion to compel is GRANTED in part and DENIED in part. Plaintiff Ortiz shall appear for a second medical examination with a new doctor, but the motion is denied insofar as it seeks an order requiring payment of expenses associated with the second medical examination.

The Clerk of Court is directed to close the motion at ECF No. 30.

SO ORDERED.

Dated: February 9, 2024
       New York, New York

                                                       J. PAUL OETKEN
                                                     United States District Judge